# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3344 | **DATE** | 2/23/2004 |
| **CASE TITLE** | PEDRO DEGANTE vs. VINCE LOIACONO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motion to compel is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | FEB 2 4 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 32 |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | '04 FEB 23 PM 5:05 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PEDRO DEGANTE, on behalf of himself and )
all other plaintiffs similarly situated known and )
unknown, )
)
              Plaintiff, )
)
vs. )   No. 02 C 3344
)
VINCE LOIACONO and VINCE's "THE )
PIZZA PEOPLE" #1, INC., )
)
             Defendants. )

DOCKETED FEB 2 4 2004

FEB 2 4 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, on behalf of himself and all other plaintiffs similarly situated, known and unknown (hereinafter referred to as plaintiffs), brought this action alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, arising from defendants' failure to pay overtime wages. Plaintiff filed a motion to compel disclosure of certain conversations relating to payroll records. For the following reasons, plaintiff's motion is granted.

## BACKGROUND

Plaintiffs allege that defendants failed to pay their employees overtime wages even though they qualified for such benefits and regularly worked over 40 hours per week. During the initial discovery phase, plaintiffs sought to obtain defendants' payroll records and related documents. They learned that defendants had left the documents at their business address when they closed in April 2002, and that the landlord had subsequently thrown them away. After the close of discovery and the filing of plaintiffs' motion for summary judgment,

plaintiffs learned that defendants may have had knowledge of claims for failure to pay overtime as early as December 2001. Plaintiffs believed that this made the disappearance of the relevant records appear suspicious and filed a motion to reopen discovery on that issue which was granted on November 18, 2003.

Plaintiffs then filed a second set of discovery requests seeking, among other things, information about conversations between defendant Vince Loiacono and his former attorney, Frank Savaiano, concerning the potential claims. Defendants admit that Loiacono and Saviano spoke about the claims by letter, in person, and over the phone, on at least a few occasions, but refuse to disclose the substance of the communications, citing the attorney-client privilege. The parties have resolved a number of related discovery issues and the sole remaining subject of this motion is defendants' assertion of that privilege and the scope of its protection.

## DISCUSSION

In order to encourage the free flow of information between attorneys and clients, communication by a client to an attorney is deemed privileged if the client has a reasonable expectation of privacy. Ohio-Sealy Mattress Mfg. Co. v. Kaplan, 90 F.R.D. 21, 28 (N.D. Ill. 1980). Because the privilege restricts full and free discovery, it must be strictly applied, protecting only those communications that would not likely have been made in the absence of the privilege. Id. It does not, however, confer a privilege on the underlying information. Thomas & Betts Corp. v. Panduit Corp., 1996 WL 480217, *1 (N.D. Ill. 1996).

Defendant Loiacono knew something about the potential claims by plaintiffs before he left the employment records at the business. Plaintiffs seek to discover exactly what he knew

and learn what his state of mind was when leaving the documents behind. They are clearly entitled to do so, as this *information* is not protected simply because it was learned during a conversation with an attorney. Disclosure of the letter and answers to the interrogatories are therefore required. To the extent that defendant received actual legal advice, separable from factual information, this advice may be redacted from the letter, subject to the limitations of the crime-fraud exception. *See* In re Feldberg, 862 F.2d 622, 625-26 (7th Cir. 1988).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel is granted.

James B. Moran
JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 23, 2004.